**SMITH v. REID.**

No. 10880.

United States Court of Appeals District of Columbia Circuit.

Argued June 26, 1951.

Decided July 12, 1951.

---

Dale L. Jernberg, Washington, D. C., appointed by this court, for appellant.

Joseph F. Goetten, Asst. U.S. Atty., Washington, D. C., with whom George Morris Fay, U.S. Atty., and Joseph M. Howard, Asst. U.S. Atty., Washington, D. C., were on the brief, for appellee.

Before EDGERTON, PRETTYMAN, and PROCTOR, Circuit Judges.

PROCTOR, Circuit Judge.

After plea of guilty and sentence upon an indictment for housebreaking and larceny,[1] appellant moved the District Court, pursuant to 28 U.S.C. § 2255, to vacate the sentence and to allow withdrawal of the plea. In support of the motion he alleged that he had been induced to enter the plea upon the erroneous and incompetent advice of his attorney,[2] and was thereby deprived of his right to effective assistance of counsel, U.S.Const. Amend. VI. The motion was denied as was also a motion for rehearing and finally a motion to appeal in forma pauperis.

Later, after expiration of the appeal period, and without having taken any further steps in the foregoing proceedings in the District Court or this court, appellant filed in the trial court a petition for writ of habeas corpus upon grounds similar to those stated in the motion to vacate sentence. The petition was denied. This appeal is from the order denying the writ.

The relief, if any, to which appellant may have been entitled was by motion under § 2255. He pursued that remedy, and was unsuccessful. But that procedure was neither inadequate nor ineffective to test the legality of his detention. 28 U.S.C. § 2255. Meyers v. Clemmer, 1950, 86 U.S. App.D.C. 320, 181 F.2d 802, certiorari denied, Meyers v. U. S., 339 U.S. 983, 70 S.Ct. 1030, 94 L.Ed. 1387, Meyers v. Welch, 4 Cir., 1950, 179 F.2d 707. His failure does not now entitle him to habeas corpus.

Affirmed.

1. As the result of the plea and sentence, the Government dismissed another indictment for similar crimes.

2. Not counsel representing him on this appeal.