**UNITED STATES of America ex rel. Cleveland THOMPSON, Appellant, v. Charles L. DYE, Warden, Allegheny County Jail, Pittsburgh, Pa.**

**No. 10735.**

United States Court of Appeals
Third Circuit.

Argued Nov. 7, 1952.

Decided March 26, 1953.

Writ of Certiorari Denied May 18, 1953.

See 73 S.Ct. 946.

Louis C. Glasso and Zeno Fritz, Pittsburgh, Pa., for appellant.

Samuel S. Strauss, Asst. Dist. Atty. of Allegheny County, Pittsburgh, Pa., Randolph C. Ryder, Deputy Atty. Gen. of Pa. (James F. Malone, Jr., Dist. Atty., Pittsburgh, Pa., Frank P. Lawley, Jr., Asst. Deputy Atty. Gen., Robert E. Woodside, Atty. Gen., of Pa., on the brief), for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

PER CURIAM.

This case comes to us on an appeal from a denial of writ of habeas corpus. The relator, Cleveland Thompson, was convicted of murder after a trial in a Pennsylvania court in Allegheny County. From a judgment imposing sentence of death he appealed to the Supreme Court of Pennsylvania. That court affirmed the judgment and sentence. Commonwealth v. Thompson, 1951, 367 Pa. 102, 79 A.2d 401, certiorari denied 1951, 342 U.S. 835, 72 S.Ct. 58, 96 L.Ed. 631. See also 1952, 342 U.S. 929, 72 S.Ct. 370, 96 L.Ed. 692. Then Thompson sought habeas corpus in the United States District Court for the Western District of Pennsylvania. There was a hearing followed by an opinion by that court and denial of the writ, United States ex rel. Thompson v. Dye, D.C., 103 F.Supp. 776.

The basis for claiming infringement of constitutional rights by the relator is that of

430

alleged incompetency of the lawyer who conducted the trial on his behalf in the state court. It is now said that failure to make certain investigations showed such lack of professional ability as to deny Thompson his constitutional rights.

It is worth noting that the lawyer who represented him at the trial was one upon whose appointment the accused insisted. Another lawyer of known professional competence had been appointed by the trial court but the prisoner insisted upon his own choice or said he would have no lawyer at all. The trial judge acceded to his demand.

The questions of fact here presented as well as the questions of law were considered both by the Supreme Court of Pennsylvania and the District Court for the Western District of Pennsylvania. The State court's consideration of the points now argued is relevant and persuasive. Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397.

Furthermore, we have recently considered at length what is necessary to maintain a charge of lack of due process when the competency of counsel is involved. United States ex rel. Darcy v. Handy, 3 Cir., 1953, 203 F.2d 407. There is nothing presented upon this point here which was not covered by the opinion of Judge Maris speaking for the majority of the court in that case.

The judgment of the District Court will be affirmed.