## CAGLE v. HUMPHREY, Warden.
### No. 276.

United States District Court
M. D. Pennsylvania.
June 10, 1953.

William Cagle pro se.
No appearance by respondent.

FOLLMER, District Judge.

Petitioner, a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, makes application in forma pauperis for a writ of habeas corpus, wherein he alleges that he "was tried in the U. S. District Court for the District of Columbia on 25 June, 1952 for the crime of second degree murder. The defense of Self Defense was interposed and the jury returned a verdict of guilty as charged", and sentence was imposed. He further alleges that his conviction was predicated upon perjured testimony, but does not allege that it was known to be perjured by the prosecutor.[1] His other contention is incompetency of counsel. It does not appear in the petition whether counsel was employed by him or appointed by the court.[2]

■ The historical background of the enactment of 28 U.S.C. § 2255 need not be discussed here[3] save to point out that the allegation of "incompetency of counsel" had become a standard inclusion in applications for the writ of habeas corpus. Able counsel, appointed by the court to repre-

1. Smith v. United States, 88 U.S.App.D.C. 80, 187 F.2d 192.

2. This distinction is fully discussed by Judge Maris in United States ex rel. Darcy v. Handy, 3 Cir., 203 F.2d 407, 426; see also United States ex rel. Thompson v. Dye, 3 Cir., 203 F.2d 429.

3. It has been fully covered in numerous opinions and articles as well as in the reports of the Judicial Conference of the United States. See, for example, United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Judge Parker's article "Limiting the Abuse of Habeas Corpus", 8 F.R.D. 171; Judge Goodman's article "Use and Abuse of the Writ of Habeas Corpus", 7 F.R.D. 313.

sent indigent defendants, serving conscientiously and without compensation,[4] were then compelled, at their own expense, to leave their offices and defend their reputations in some distant and strange forum, as well as supply witnesses to prove that which in most instances would be well known to the sentencing court. It was especially this type of situation that caused the passage of 28 U.S.C. § 2255 providing a substitute remedy in the more convenient forum of the sentencing court.[5] This remedy is not an intermediate step but an exclusive substitute[6] except in those rare situations where the remedy by motion would be inadequate or ineffectual.[7] Since the remedy under section 2255 is exclusive, if applicant is unsuccessful on such motion, it does not entitle him to a reconsideration by habeas corpus in another district.[8] His remedy is by appeal from the judgment on the motion.[9] To permit a habeas corpus proceeding under such circumstances would frustrate the purposes of section 2255 and restore the evils it sought to overcome.[10]

■ The present petition alleges that relief sought under 28 U.S.C. § 2255 would be in vain. No such assumption can be made. For the issues raised, the remedy under 28 U.S.C. § 2255 is adequate. If petitioner feels that the sentencing court will err in the determination of the factual issues, his remedy is clearly indicated in United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. As Judge Parker in Meyers v. Welch, 4 Cir., 179 F.2d 707, 708, has pointed out.

"* * * In the first place, the prisoner has no right to relief by habeas corpus where there exists the right to relief under 28 U.S.C.A. § 2255; and the fact that the motion has been denied does not give the right to resort to habeas corpus, even if the movant is entitled to relief, since the remedy in such case is by appeal. Only where the remedy by motion with appeal therefrom is inadequate or ineffective to test the legality of the detention may there be resort to habeas corpus. * * *"

The application for leave to proceed in forma pauperis for a writ of habeas corpus will be denied and order entered accordingly.

4. For a recognition of such service see footnote 3 in United States ex rel. Collins v. Claudy, 3 Cir., 1953, 204 F.2d 624.

5. See e. g. footnote 25 in United States v. Hayman, 342 U.S. 205, 217, 72 S.Ct. 263, 96 L.Ed. 232.

6. United States v. Hayman, supra; United States v. Gallagher, 3 Cir., 183 F.2d 342, 344; Robinson v. Swope, 9 Cir., 197 F.2d 633; Crow v. United States, 9 Cir., 186 F.2d 704; Barrett v. Hunter, 10 Cir., 180 F.2d 510, 20 A.L.R.2d 965; Clough v. Hunter, 10 Cir., 191 F.2d 516; Hallowell v. Hunter, 10 Cir., 186 F.2d 873; Martin v. Hiatt, 5 Cir., 174 F.2d 350; Weber v. Steele, 8 Cir., 185 F.2d 799; Smith v. Reid, 89 U.S.App.D.C. 272, 191 F.2d 491; Meyers v. Welch, 4 Cir., 179 F.2d 707.

7. Barrett v. Hunter, 10 Cir., 180 F.2d 510, 515, Par. 13, 20 A.L.R.2d 965.

8. Jones v. Squier, 9 Cir., 195 F.2d 179; Clough v. Hunter, supra.

9. United States v. Hayman, supra; Weber v. Steele, supra; Smith v. Reid, supra (incompetency of counsel alleged).

10. In an article "The Federal Habeas Corpus Acts Original and Amended" appearing in 13 F.R.D. 407, 422, Mr. Longsdorf succinctly summarizes the effect of the Act as follows:
"* * * It initiates in the trial *court* a new and independent remedy and gives jurisdiction to hear and determine thereby the same invalidities in the judgment and sentence which might have been reached by habeas corpus ad subjudiciendum in the district of imprisonment. Thus in object they are equal to the same thing and so equal to each other. But the prisoner cannot have both at the same time or in succession."