### SIMEONE v. HUMPHREY, Warden.
#### No. 278.

United States District Court
M. D. Pennsylvania.
July 13, 1953.

574

Petitioner pro se.
No appearance for respondent.

FOLLMER, District Judge.

Petitioner, a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, seeks leave to proceed in forma pauperis on an application for a writ of habeas corpus. His contentions are that evidence unlawfully obtained under an invalid search warrant was used in obtaining the indictment and was introduced at his trial, and that his counsel, not appointed by the court but retained by him, was "incompetent." He also alleges that he "has exhausted his remedies pursuant to the provisions of Title 28, U.S.C.A. Section No. 2255."

Even if we assume his first contention to be true, the reception of such evidence would at most constitute a trial error occurring during the course of the trial which could be challenged only by taking an appeal from the judgment of conviction and may not be raised here.[1]   No constitutional question is involved in his allegation of incompetency of counsel since such counsel was employed by him.[2]

Aside from any lack of merit, however, any question raised here may be adequately and effectively disposed of in the sentencing court and as this court pointed out in Cagle v. Humphrey, D.C.M.D.Pa., 112 F.Supp. 846, such remedy is exclusive.[3]

The application for leave to proceed in forma pauperis for a writ of habeas corpus will be denied and order entered accordingly.

1. Barber v. U. S., 10 Cir., 197 F.2d 815; Taylor v. U. S., 4 Cir., 177 F.2d 194; Smith v. U. S., 88 U.S.App.D.C. 80, 187 F.2d 192; Barnes v. Hunter, 10 Cir., 188 F.2d 86; Dennis v. U. S., 4 Cir., 177 F.2d 195; Bozell v. Welch, 4 Cir., 203 F. 2d 711.

2. U. S. ex rel. Darcy v. Handy, 3 Cir., 203 F.2d 407; U. S. ex rel. Cleveland Thompson v. Dye, 3 Cir., 203 F.2d 429; Alred v. U. S., 4 Cir., 177 F.2d 193.

3. See also Bozell v. Welch, supra.