Paul J. MADIGAN, Warden, United States
Penitentiary, Alcatraz, California,
Appellant,

v.

Selvie W. WELLS, Appellee.

No. 14496.

United States Court of Appeals
Ninth Circuit.

July 18, 1955.

Rehearing Denied Aug. 22, 1955.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for appellant.

Morris M. Grupp, Albert E. Polonsky, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and HEALY and BONE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from an order entered by the United States District Court for the Northern District of California, Southern Division, two judges acting, granting Wells' application for a writ of habeas corpus and ordering Wells discharged from custody.

After a plea of guilty, Wells, in 1938, was sentenced to prison by the United States District Court for the Western District of Texas. So far as we are concerned, appellee was sentenced upon pleas of guilty to the third count of an indictment charging robbery of a bank and putting the life of a person in jeopardy by the use of a dangerous weapon (in the commission of the robbery) and to the fourth count charging entering the bank with intent to commit a felony, to wit, the robbery. The sentences were fixed to run consecutively. Wells has served his time except for the sentence imposed on his plea of guilty to count four. He contends that this sentence is void as the offense charged in count four merged into the one charged in count three.

Wells had previously moved for relief pursuant to 28 U.S.C. § 2255 and been denied. Wells v. United States, 5 Cir., 210 F.2d 112. There is no allegation in

Wells' petition that the remedy by motion is inadequate or ineffective.

*I.   The District Court has no jurisdiction to issue the writ of habeas corpus.*

█ An application for a writ of habeas corpus "shall not be entertained" if the applicant has been denied relief on a § 2255 motion. 28 U.S.C. § 2255. The district court was without jurisdiction to issue the writ. Winhoven v. Swope, 9 Cir., 195 F.2d 181.

█ If this is true, Wells argues, then § 2255 is an unconstitutional suspension of the writ under Art. I, Sec. 9, cl. 2 of the United States Constitution.

The constitutionality of § 2255 has been upheld in two fully reasoned opinions. Jones v. Squier, 9 Cir., 195 F.2d 179; Barrett v. Hunter, 10 Cir., 180 F.2d 510, 20 A.L.R.2d 965. Habeas corpus has been denied on the basis of § 2255 without any suggestion that § 2255 is unconstitutional by at least three other circuits. Smith v. Reid, 89 U.S.App.D.C. 272, 191 F.2d 491; Meyers v. Welch, 4 Cir., 179 F.2d 707; Weber v. Steele, 8 Cir., 185 F.2d 799.[1]

*II.   Wells' only remedy is to appeal for Executive clemency.*

█ Although it well may be that the offense charged in count four merged into that charged in count three, and the district court was without jurisdiction to grant the relief requested because of the provisions of 28 U.S.C. § 2255. The decision of the two district judges, so obviously failing to consider the jurisdictional effect of the statutes involved, seems to be based solely on sympathy for one they think unjustly treated. Such action confirms the maxim that hard cases make

bad law or more eloquently put, " 'Hard cases are the quicksands of the law.' " Metropolitan Nat. Bank v. Campbell Comm. Co., C.C.W.D.Mo., 77 F. 705, 710. The appeal should have been to the President.

██ To fail to reserve would not only be contrary to precedent but would wipe out much of the gain accomplished by § 2255 and highly approved by the Supreme Court in United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232.[2]

The judgment is reversed.

---

1. These cases are noted in United States v. Hayman, 342 U.S. 205, footnote 6, at page 210, 72 S.Ct. 263, 96 L.Ed. 232.

2. Counsel have not explored the possibility of coram nobis, a remedy which § 2255 has not superseded. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248. However, this is not a case where the sentence has been served or where the movant has not begun to serve the sentence he attacks. To hold

coram nobis available in this case would also destroy the progress made by § 2255. In addition, the writ can issue, if at all, only in aid of the jurisdiction of the Texas court in which the conviction was had. 28 U.S.C. § 1651(a); United States v. Morgan, supra, 346 U.S. at page 506, 74 S.Ct. 247. In the Morgan case the motion was addressed to the sentencing court. Issuance of the writ would not be in aid of the habeas corpus jurisdiction of the California court below.