Howard **HILDEBRANDT**, Appellant,

v.

**E. B. SWOPE**, warden of the United States penitentiary at Alcatraz, California, Appellee.

No. 14643.

United States Court of Appeals
Ninth Circuit.

Jan. 20, 1956.

Howard Hildebrandt, in pro. per.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MATHEWS, POPE and FEE, Circuit Judges.

PER CURIAM.

On June 4, 1952, appellant, Howard Hildebrandt, and Robert LaPlante were indicted in the United States District Court for the District of Rhode Island, hereafter called the Rhode Island court. The indictment was in four counts. Count 1 charged a violation of 18 U.S. C.A. § 371, count 2 charged a violation of 18 U.S.C.A. § 2111, and counts 3 and 4 charged other offenses. On June 9, 1952, appellant and LaPlante pleaded not guilty to all counts of the indictment. On June 24, 1952, they withdrew their pleas of not guilty and pleaded guilty to counts 1 and 2, and counts 3 and 4 were dismissed. Thereupon, on June 24, 1952, the Rhode Island court entered a judgment sentencing each of them to be imprisoned for five years on count 1 and fifteen years on count 2, the sentences to run consecutively. Accordingly, appellant was and is imprisoned in the United States penitentiary at Alcatraz, California, in custody of the warden thereof.

On April 6, 1953, appellant and La-Plante filed in the Rhode Island court a motion entitled "Motion to Vacate, Set Aside or Correct Sentence"—a motion under 28 U.S.C.A. § 2255. On May 20, 1953, the Rhode Island court entered an order denying the motion of April 6, 1953.[1] No appeal appears to have been taken from the order of May 20, 1953. On September 23, 1953, appellant and LaPlante filed with the Rhode Island court a motion entitled "Amended Motion to Vacate, Set Aside or Correct Sentence"—a second motion under 28 U.S.C.A. § 2255. On February 12, 1954, the Rhode Island court entered an order denying the motion of September 23, 1953. On November 17, 1954, the United States Court of Appeals for the First Circuit affirmed the order of February 12, 1954.[2]

On December 7, 1954, appellant applied by petition to the United States District Court for the Northern District of California, hereafter called the California court, for a writ of habeas corpus. The stated ground of the petition was that appellant had been denied his constitutional right of trial by jury.[3] On December 10, 1954, the California court entered an order dismissing the petition,[4] which is to say, dismissing the application. This appeal is from that order.

As indicated above, appellant, before applying to the California court for a writ of habeas corpus, had applied for relief by motions under 28 U.S.C.A. § 2255 and had been denied such relief. It did not and does not appear that the remedy by motion under § 2255 was inadequate or ineffective to test the legality of appellant's detention. Hence the California court had no jurisdiction to entertain appellant's application for a writ of habeas corpus.[5]

Order affirmed.

1. United States v. Hildebrandt, D.C.R.I., 113 F.Supp. 577.

2. Hildebrandt v. United States, 1 Cir., 216 F.2d 616.

3. In so stating, the petition ignored the fact that appellant had pleaded guilty.

4. The order was dated December 9, 1954, but was not filed or entered until December 10, 1954.

5. See the final paragraph of 28 U.S.C.A. § 2255. See also Jones v. Squier, 9 Cir., 195 F.2d 179; Winhoven v. Swope, 9 Cir., 195 F.2d 181; De Normand v. Swope, 9 Cir., 207 F.2d 66; Madigan v. Wells, 9 Cir., 224 F.2d 577.