Gene R. RICHARDSON, Petitioner,

v.

Frederick S. BALDI, Warden, State Penitentiary, Rockview, Bellefonte, Penna., Respondent.

No. 309.

United States District Court
M. D. Pennsylvania.
March 26, 1956.

quently indicted by a grand jury. The indictment charged an offense slightly at variance with the charge on which he was originally held by the magistrate. Apparently the difference was between "passing worthless checks and forgery" and "fraudulently making a written instrument uttering and publishing same." He had counsel of his own choosing and on a plea of not guilty went to trial on the indictment. During the course of the trial, on the advice of his counsel, he alleges "In confusement your relator reversed his plea during trial with the understanding that it was a lesser charge than original accusation."

There is no constitutional requirement that a grand jury must indict in the precise language used by a magistrate at a preliminary hearing,[1] nor is there any constitutional question involved in the advice of counsel that he plead guilty. This was counsel of his own choosing and he cannot now simply allege error in the advice of counsel.[2] Even had it been appointed counsel, the allegations here would not rise to the dignity of a violation of petitioner's rights under the due process clause.[3] The appellant, with the advice of counsel, having plead guilty, that plea constituted an admission of his guilt, a waiver of all nonjurisdictional defects and defenses, and admitted all the facts averred in the indictment.[4] There are no allegations in the present petition which would take petitioner's case out of this rule.

The application for writ of habeas corpus in forma pauperis must be denied.

Gene R. Richardson, pro se.

Frank P. Lawley, Jr., Deputy Atty. Gen., Victor H. Blanc, Dist. Atty., Jerome B. Apfel, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

FOLLMER, District Judge.

Petitioner is a State prisoner at the State penitentiary in this district. He has applied for a writ of habeas corpus in forma pauperis. The allegations of his petition may be summed up as follows:

He was arrested and had a hearing before a magistrate. He was subse-

---

1. Costello v. United States of America, 76 S.Ct. 406.

2. Simeone v. Humphrey, D.C.M.D.Pa., 114 F.Supp. 573; Ex parte Smith, D.C.M.D. Pa., 72 F.Supp. 935.

3. Soulia v. O'Brien, D.C.Mass., 94 F.Supp. 764, 770, affirmed 1 Cir., 188 F.2d 233; Palakiko v. Harper, 9 Cir., 209 F.2d 75, 83, certiorari denied 347 U.S. 956, 74 S.

Ct. 683, 98 L.Ed. 1101, rehearing denied 347 U.S. 979, 74 S.Ct. 789, 98 L.Ed. 1118; Ex parte Smith, D.C.M.D.Pa., 72 F. Supp. 935, 939; Yodock v. United States, D.C.M.D.Pa., 97 F.Supp. 307, 311.

4. United States v. Gallagher, 3 Cir., 183 F.2d 342, 344; Commonwealth of Pennsylvania ex rel. Spader v. Burke, D.C. E.D.Pa., 74 F.Supp. 850.