**James A. WILLIAMS, Appellant,**

v.

**D. M. HERITAGE, Warden of the United States Penitentiary at McNeil Island, Washington, Appellee.**

No. 15437.

United States Court of Appeals
Ninth Circuit.

May 29, 1957.

James A. Williams, appellant, in pro. per.

Charles P. Moriarty, U. S. Atty., Seattle, Wash., for appellee.

Before MATHEWS, CHAMBERS and BARNES, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, James A. Williams, was at all pertinent times a prisoner in the United States penitentiary at McNeil Island in the Southern Division of the Western District of Washington and was in the custody of appellee, D. M. Heritage, warden of said penitentiary.

On an undisclosed date between October 26, 1956, and December 3, 1956, Chief Judge William Denman, a circuit judge within and for the Ninth Circuit, received from appellant an application of appellant for a writ of habeas corpus.[1] Chief Judge Denman declined to entertain the application and referred it to the United States District Court for the Western District of Washington, Southern Division, hereafter called the Washington court.[2] The application was filed

1. The application, called a petition, was dated October 24, 1956, and was verified by appellant at McNeil Island on October 26, 1956.

2. See 28 U.S.C.A. § 2241(b).

in the Washington court on December 18, 1956.[3] Thereafter, on December 18, 1956, the Washington court entered an order dismissing the application. Appellant has appealed from the order.

The order is affirmed for the following reasons:

Appellant was at all pertinent times a prisoner in custody under a sentence or sentences of a court established by Act of Congress, namely, the District Court for the Territory of Alaska, hereafter called the Alaska court,[4] and was claiming the right to be released upon one or more of the grounds mentioned in 28 U. S.C.A. § 2255.[5] Hence appellant was authorized to apply to the Alaska court for relief by motion pursuant to § 2255.[6] Appellant did so apply to the Alaska court on October 14, 1954, April 20, 1955, April 26, 1955, and August 15, 1955, and the Alaska court denied him relief on December 9, 1954, April 29, 1955, June 14, 1955, and August 17, 1955.[7] It did not appear that the remedy by motion was inadequate or ineffective to test the legality of appellant's detention. Hence the Washington court had no jurisdiction to entertain appellant's application for a writ of habeas corpus.[8]

Order affirmed.

**3.** The clerk of the Washington court received the application on December 3, 1956, but, no filing fee having been paid or tendered, did not file it until December 18, 1956, when appellant was granted leave to proceed in forma pauperis.

**4.** The Alaska court was established by the Act of June 6, 1900, c. 786, 31 Stat. 321, 48 U.S.C.A. §§ 26, 27, 61, 64.

**5.** Section 2255 provides:
"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Cônstitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. * * *

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

**6.** See the first paragraph of § 2255.

**7.** See Williams v. United States, 9 Cir., 236 F.2d 894, certiorari denied 352 U.S. 982, 77 S.Ct. 384, 1 L.Ed.2d 365.

**8.** See the final paragraph of § 2255; Jones v. Squier, 9 Cir., 195 F.2d 179; Winhoven v. Swope, 9 Cir., 195 F.2d 181; De Normand v. Swope, 9 Cir., 207 F.2d 66; Madigan v. Wells, 9 Cir., 224 F.2d 577; Hildebrandt v. Swope, 9 Cir., 229 F.2d 582.