James L. ANDERSON, Petitioner,

v.

Dr. R. O. SETTLE, Respondent.

No. 14047–1.

United States District Court
W. D. Missouri, W. D.

Nov. 26, 1962.

James L. Anderson, pro se.

F. Russell Millin, U. S. Dist. Atty., Clifford M. Spottsville, Asst. U. S. Dist. Atty., Kansas City, Mo., for respondent.

JOHN W. OLIVER, District Judge.

Petitioner, in forma pauperis, filed an application for writ of habeas corpus. In that application petitioner alleges that he has heretofore filed an unsuccessful motion pursuant to Section 2255, Title 28 United States Code in the committing court, the United States District Court for the Western District of Texas. The files and records show that petitioner took no further action in connection with that motion after the committing court denied leave to appeal in forma pauperis.

Petitioner contends, however, that because the order of the committing court that denied his Section 2255 motion made "no findings of fact or conclusions of law * * * the alleged illegal and unconstitutional sentence and detention remains unresolved". In an attempt to sustain this Court's jurisdiction in a habeas corpus proceeding, petitioner alleges that "petitioner's remedy by any other mode would be inadequate or ineffective to test the legality of his detention".

In response to an order to show cause, respondent has filed duly certified copies of the proceedings from the committing court. Briefly stated, they show petitioner's conviction after trial of a violation of Section 174, Title 21 United States Code; his 12 year sentence; the affirmance of his conviction by the Court of Appeals for the Fifth Circuit in Anderson v. United States (5th Cir., 1958), 255 F.2d 96, cert. den. 358 U.S. 845, 79 S.Ct. 69, 3 L.Ed.2d 79 (1958); his Section 2255 motion in the committing court; Judge Rice's order in that court denying that motion on the express finding and ground that "the motion and the files and records of the case conclusively show that the defendant is entitled to no relief"; and Judge Rice's order refusing to certify that petitioner's appeal from that order was taken in good faith.

Our examination of the petitioner's application for habeas corpus, of his motion for leave to supplement that application filed after we issued our order to show cause, of his motion to have parts of the records of the committing court considered by this Court in the attempted habeas corpus proceeding, of his Section 2255 motion, and of the opinion of the Court of Appeals for the Fifth Circuit reveals that petitioner desires to once again relitigate the question described by the Court of Appeals as his "unlawful arrest" contention.

The question actually posed by petitioner's application is whether his allegation that "his remedy by any other mode (than habeas corpus in this Court) would be inadequate or ineffective to test the legality of his detention" is sufficient to invoke the habeas corpus jurisdiction of this Court. That question must be examined and decided on the facts as shown by the files and records; not on the basis of petitioner's legal conclusions. Cf. Burleson v. United States (W.D.Mo. 1962), 205 F.Supp. 331. Nor is this Court bound by the labels placed upon the papers that seek to invoke its jurisdiction, Burns v. United States (W.D.Mo. 1962), 210 F.Supp. 528.

The last paragraph of Section 2255 provides:

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the

76

court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In Weber v. Steele (8th Cir., 1950), 185 F.2d 799, 800, the Court of Appeals reviewed the District Court's dismissal of an application for habeas corpus filed subsequent to the denial of a Section 2255 motion by the committing court. In affirming the District Court's dismissal, it was held:

"The purpose of Section 2255 was to require a federal prisoner to exhaust his remedies in the courts of the District and Circuit in which he was convicted and sentenced, and to apply to the Supreme Court, on certiorari from a denial of such remedies, before seeking release on habeas corpus. This means that he must exhaust all the ordinary remedies available to him before applying for an extraordinary remedy."

Weber v. Steele is consistent with the decisions of every court that has considered the question. See Smith v. Reid, 89 U.S.App.D.C. 272, 191 F.2d 491; Weber v. Steele (8th Cir., 1951), 191 F. 2d 815; United States ex rel. Josey v. Humphrey (3rd Cir., 1954) 210 F.2d 826; Rice v. Clemmer, (4th Cir., 1957), 242 F.2d 870, cert. den. 354 U.S. 924, 77 S.Ct. 1385, 1 L.Ed.2d 1438 (1957); Barrett v. United States (10th Cir., 1960), 285 F.2d 758; Moore v. Taylor (10th Cir., 1961) 289 F.2d 450, cert. den. 368 U.S. 853, 82 S.Ct. 90, 7 L.Ed.2d 51 (1961).

■ It is therefore apparent that this Court does not have power to exercise its general habeas corpus jurisdiction under the facts presented by this case. Petitioner's application should be and it is therefore denied. Petitioner's motions above referred to are also denied.

It is so ordered.