**Robert F. BELL, Appellant,**

v.

**Sam ANDERSON, Superintendent, District of Columbia Jail, and United States of America, Appellees.**

**No. 18708.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 29, 1965.

Decided March 18, 1965.

Mr. E. Fontaine Broun (appointed by this court), Washington, D. C., for appellant.

1. 22 D.C.CODE § 2902 (1961).

2. Since the petition for writ of *habeas corpus* was filed within the ten-day period provided for noticing an appeal, this court entered an order providing:
   "that appellant's aforesaid petition for writ of habeas corpus shall be treated as a notice of appeal and that this appeal shall be considered as an appeal from the order denying appellant's petition for writ of habeas corpus and as a direct appeal from Criminal Case No. 326-63."
   The case is thus now before us both as an appeal from the dismissal of the *habeas corpus* petition and as a direct appeal from appellant's conviction.

3. See United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); Smith v. Reid, 89 U.S.App.D.C. 272, 191 F.2d 491 (1951). Compare Jordan v. United States District Court for the

Mr. John A. Terry, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellees.

Before BAZELON, Chief Judge, and BASTIAN and WRIGHT, Circuit Judges.

PER CURIAM.

Appellant received a sentence of from one to three years, the maximum allowed by the statute, after pleading guilty to attempted robbery.[1] No appeal from his conviction was taken, but a petition for writ of *habeas corpus*[2] was filed wherein appellant alleged his right to release from custody because he had been denied a speedy trial. After the District Court issued a rule to show cause and appellees filed a return and answer thereto, the rule was discharged and the petition for the writ was dismissed. This appeal followed.

Pretermitting the question as to whether or not the right to a speedy trial may be raised collaterally,[3] under the opinion of this court in Smith v. United States, 118 U.S.App.D.C. 38, 331 F.2d 784 (1964) (*en banc*), no right to relief is shown.[4]

Affirmed.

BASTIAN, Circuit Judge, concurs in the result.

District of Columbia, 98 U.S.App.D.C. 160, 167, 233 F.2d 362, 369, *vacated on other grounds*, 352 U.S. 904, 77 S.Ct. 151, 1 L.Ed.2d 114 (1956); Waugaman v. United States, 5 Cir., 331 F.2d 189, 191 (1964).

4. Not raised on this appeal is the question of the legality of the sentence. Appellant was sentenced to the maximum provided by the statute, in spite of the fact that he had already served 268 days before sentence unable to make bond. Since the question of the legality of the sentence imposed may be raised under Rule 35, FED.R.CRIM.P., and in view of the desirability of proper briefing of this issue, we do not notice it on this appeal. Present counsel may see fit to pursue this point in further proceedings below. See Short v. United States, —— U.S.App. D.C. ——, 344 F.2d 550, 554, 556 (No. 18,-940, decided February 23, 1965).