**Petition of William HENDERSON.**
**Civ. A. No. 65–1346.**

United States District Court
W. D. Pennsylvania.
July 29, 1966.

OPINION

ROSENBERG, District Judge.

William Henderson, an inmate at the State Correctional Institution at Pittsburgh, Pennsylvania, has filed a petition for a writ of habeas corpus in forma pauperis.

The petition alleges that his incarceration is illegal in that he was deprived of due process and equal protection of the law as follows: In January and February 1965 he was sentenced on three indictments; (1) assault with intent to kill, after jury trial conviction to three and one-half to seven years; (2) murder, first degree, after a jury trial conviction to life imprisonment; and (3) murder, first degree, after a guilty plea to life imprisonment to be served concurrently with the other sentence for murder.

The petitioner alleges here that he pleaded guilty to the second charge of murder after he had been convicted and sentenced to life imprisonment on the first charge of murder, and that he pleaded guilty to the second charge of murder in order to avoid facing the death penalty; that despite his plea of guilty to the second murder charge, the guilt of the petitioner should have been established beyond a reasonable doubt with supporting independent evidence; that the trial judge should not have accepted his plea of guilty; that the petitioner did not know, while he was being tried on the first murder charge, that he was also being charged with a second murder and that this would result in another trial; that the trial judge permitted the introduction into evidence at the trial on his plea of guilty to the second charge of murder the evidence which had been previously submitted at the first murder trial; and that all of these contentions were raised in a petition for a writ of habeas corpus to the Court of Common Pleas of Allegheny County on July 13, 1964.[1]

Upon receipt of his petition here, an order was made for the production of all the records from the local State courts. The records reveal that a petition for a writ of habeas corpus was presented to the Common Pleas Court, that

1. The petitioner there contended (1) that his pleas of guilty were coerced; (2) that a confession or statement given to police and other statements made by him were involuntary, and therefore, improperly introduced into evidence; and (3) that the use of the evidence from the first murder trial at the second murder trial placed him in double jeopardy.

counsel was appointed by that Court and that the petitioner was afforded hearings on March 8, 1965 and on April 5, 1965. On December 27, 1965, the petition was denied after a finding by the Court of Common Pleas that the statements concerning which the petitioner complained as being involuntary were in fact voluntary and that the plea of guilty was properly entered after full consultation with counsel. The Court of Common Pleas noted in its decision that the petitioner was represented throughout his trials by three distinguished members of the Allegheny County Bar—Van A. Barrickman, Esquire; J. Harry Pershing, Esquire, and Arthur D. Stevenson, Esquire. The petitioner does not aver that any other proceedings were initiated by him in the State courts.

The petitioner was charged for the murder of two women, Carol Smith and Rose Mary Smith. At the trial on the first charge of murder of Carol Smith, the petitioner pleaded not guilty. He was tried by a jury, convicted and sentenced to life imprisonment. On the second charge of murder, the petitioner pleaded guilty and the trial judge sentenced him to life imprisonment, sentence to run concurrently with the term imposed on the first murder charge.

▮▮▮ As for the contention of the petitioner that the incorporation in the second murder trial of the evidence from the first murder trial placed him in double jeopardy, it is obvious that these were two separate and distinct crimes. The petitioner was answerable for the taking of the life of not one person but two persons, and while the killings occurred at approximately the same time, they do not constitute a single crime. In any case, the specific limitation imposed on the Federal government by the double jeopardy clause of the Fifth Amendment does not bind the states through the Fourteenth Amendment. Bartkus v. People of State of Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1958). Therefore, no federal question is presented by this contention.

When the Commonwealth offered into evidence "for the benefit of the Court" the testimony of the first murder trial, the Court said: "And Mr. Stevenson and Mr. Pershing, counsel for the defendant, do you have any objection to the introduction of the evidence in the case which we have just tried for the consideration of the Court in this case?" Counsel then replied in the negative and the testimony was admitted into evidence. It was then that the trial judge accepted the petitioner's plea of guilty and sentenced him to life imprisonment.

▮▮▮ The evidence as presented in the trial on the petitioner's plea of guilty was evidently done for two reasons: (1) to convince the trial judge that he should accept the plea of guilty as made by the defendant, and (2) to present on the record circumstances by which he could fix the penalty. This was proper.

The plea of guilty was itself the basis for the conviction, and the subsequent inquiry by the judge went merely to the question of whether the plea was freely and voluntarily entered so that he might determine to accept or reject it. Hudgins v. United States, 340 F.2d 391 (C.A. 3, 1965); United States ex rel. Maisenhelder v. Rundle, 229 F.Supp. 506, 507–508 (E.D.Pa., 1964); Richardson v. Baldi, 139 F.Supp. 928 (M.D.Pa., 1956)

▮▮▮ The petitioner's second contention that he was deprived of due process because his plea of guilty on the second murder charge was coerced is also without merit. While a sentence which is the result of a coerced plea of guilty is subject to collateral attack by habeas corpus, Ward v. Page, 238 F.Supp. 431 (D.C.Okla. 1965), the petitioner by his own admission in the petition here, pleaded guilty to avoid the probability of the death penalty should he go to trial and be found guilty on the second murder charge. Whatever his reason for entering the plea, he had advice of counsel at this time and there is nothing more in the petition than a conclusionary allega-

tion of coercion unsupported by averments of facts. Such unsupported allegations are insufficient to require the granting of a writ of habeas corpus. Reams v. Davis, 333 F.2d 430, C.A. 6, 1964. In *Reams*, the petitioner stated that he was forced to enter a plea of guilty "in the hope that his life might be spared."

■ One additional matter in this case must be considered. The petitioner is unfortunately committed to life imprisonment on his conviction by the jury on the first charge of murder. He does not raise any objection here regarding that conviction and sentence. If he were granted a writ of habeas corpus on his contentions as to the second charge of murder, he could not be released because he would be compelled to continue to serve on his first sentence. Under these circumstances he cannot receive his freedom. It would appear in this sense then that he seeks here a freedom which is not grantable to him by the remedies sought in his petition. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934).

■ In addition to what has already been stated here, no evidence exists in this proceeding that the petitioner has exhausted his State remedies. This he should have done before presenting a petition for writ of habeas corpus in the Federal Court. 28 U.S.C. § 2254; United States ex rel. Drew v. Myers, 327 F.2d 174, C.A. 3, 1964.

However, since this petition was presented and because I have inquired fully into the complaint as made, I have ascertained the circumstances as they affected this petition and have so set them out. In re Thompson's Petition, 301 F.2d 659, 661, C.A. 3, 1962. While it appears that the petitioner has no reasonable basis upon which to support the petition, I must conclude primarily that his petition should not be granted because he has failed to exhaust his State remedies.

The petition will therefore be denied.

