**JONES v. SQUIER.**

No. 13200.

United States Court of Appeals, Ninth Circuit.

Feb. 28, 1952.

Fred Dwight Jones, in pro. per.

J. Charles Dennis, U. S. Atty., Guy A. B. Dovell, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from an order dismissing a petition for a writ of habeas corpus in which Jones sought to establish that the judgment of conviction (a) for conspiracy with one Guadalupe De Anda to commit the offense of theft from an interstate shipment in violation of 18 U.S.C. § 659, and (b) for aiding and abetting De Anda in the theft for which they conspired, under which he is held a prisoner by appellee, is invalid because Jones had been previously indicted for the same theft and tried and acquitted. He claims the trial and conviction on the conspiracy and aiding and abetting charges is a violation of the double jeopardy provision of the Fifth Amendment. The appellee does not dispute Jones' claim that he sought relief by motion under 28 U.S.C. § 2255 without avail.

We think we are not permitted to consider the merits of these contentions in this habeas corpus proceeding because the district court was without jurisdiction to entertain Jones' application for the writ. Section 2255 of 28 U.S.C. provides in its last sentence that where, as here, the contentions of such a federal prisoner as Jones can adequately and effectively be disposed of under its provisions and the prisoner fails to move under that section to vacate his sentence, he cannot apply for the writ nor can he so apply when he moves and is denied the relief sought. That portion of section 2255 reads: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief,[1] unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. June 25,

1948, c. 646, 62 Stat. 967, amended May 24, 1949, c. 139, § 114, 63 Stat. 105."

The motion under that section clearly affords an adequate and effective remedy to test the legality of Jones' detention. This has been made clear in the recent decision of the Supreme Court in United States v. Hayman, 72 S.Ct. 263, 272, 96 L.Ed. ——. There the Supreme Court reviews the history of the legislation and declares the purpose of Congress in enacting § 2255 is to afford the same rights as those litigated in a habeas corpus proceeding. "This review of the history of Section 2255 shows that it was passed at the instance of the Judicial Conference to meet practical difficulties that had arisen in administering the habeas corpus jurisdiction of the federal courts. Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions. On the contrary, the sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum."

The Hayman decision further cites the statement of the Revisers who framed the section that: "This section restates, clarifies and simplifies the procedure *in the nature of the ancient writ of error coram nobis*. It provides an expeditious remedy for correcting erroneous sentences without resort to habeas corpus. * * *" (Emphasis supplied.)

The nature of the writ of error coram nobis is that it is a civil proceeding in which the judgment of the court is res judicata at least of the issues tendered and joined. Cf. Waley v. Johnston, 316 U.S. 101, 105, 62 S.Ct. 964, 86 L.Ed. 1302. In accord with this is the provision of the last sentence of § 2255 providing that if the relief by motion is denied the moving party may not apply for the writ of habeas corpus.[2]

---

1. Under § 2255 the prisoner's custodian is not a party, as in habeas corpus. It would appear that if the relief sought by the motion were granted and the prisoner's custodian refused to free him, or he were arrested as a fugitive from justice, then the writ would be available.

Cf. Barrett v. Hunter, 10 Cir., 180 F.2d 510, 515.

2. See Hallowell v. Hunter, 10 Cir., 186 F.2d 873; McIntosh v. Steele, 8 Cir., 184 F.2d 721, 722; Decatur v. Hiatt, 5 Cir., 184 F.2d 719, 720; Tacoma v. Hiatt, 5 Cir., 184 F.2d 569; Meyers v. United

That the Congress has the power to limit to the motion proceeding the consideration of the issues tendered by Jones as to the error of a court concededly having jurisdiction to entertain the prosecution of Jones and over 'Jones' person is apparent. The judgment in the conspiracy and aiding and abetting case shows on its face that the court had jurisdiction of the subject matter and of the person of Jones who appeared and pleaded not guilty.[3] Hence no relief could be afforded Jones under the Great Writ as it stood at the time the Constitution was adopted. Under that Writ the court was confined to the face of the judgment and the process by which jurisdiction over the accused was had for the sole purpose of determining whether the convicting court had jurisdiction of the prosecution and the accused. The court could not even examine the indictment to see if it charged an offense not punishable criminally. See Chief Justice Marshall's opinion for a unanimous court in Ex parte Watkins, 3 Pet. 193, 202, 209, 7 L.Ed. 650. Cf. Frank v. Mangum, 237 U.S. 309, 330, 35 S.Ct. 582, 59 L.Ed. 969.

It was not until 1867 that Congress created the new forms of relief on matters not appearing in the judgment roll "in addition" to that previously available. 14 Stat. 385, 28 U.S.C. § 2241 et seq.[4] The determination of these rights has been held not res judicata. Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989. It is obvious that since these additional rights were created by Congress, Congress could take them away or, as here, confine their litigation to the § 2255 proceeding.

The order of dismissal appealed from is affirmed on the ground that the district court had no jurisdiction to entertain the application for the writ of habeas corpus.

States, 86 U.S.App.D.C. 320, 181 F.2d 802, 803; Barrett v. Hunter, 10 Cir., 180 F.2d 510, 515; Meyers v. Welch, 4 Cir., 179 F.2d 707, 708.

3. The judgment reads as follows:
"On this 20th day of June, 1949, came the attorney for the government and the defendant appeared in person and by counsel, George H. Pratt;

"It Is Adjudged that the defendant has been convicted upon his plea of not guilty, and a verdict of guilty of the offenses of Count 1: conspiring and agreeing with Guadalupe De Anda to steal and carry away, with intent to convert to their own use, certain goods and chattels from freight station and depot of West Coast Fast Freight, Inc., said goods and chattels being a part of an interstate shipment; Count 2: stealing said goods and chattels, etc., on or about Jan. 4, 1949; as charged in the 2 counts of the Indictment; and the court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

"It Is Adjudged that the defendant is guilty as charged and convicted."

4. "Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the several courts of the United States, and the several justices and judges of such courts, within their respective jurisdictions, in addition to the authority already conferred by law, [our emphasis] shall have power to grant writs of habeas corpus in 'all cases where any person may be restrained of his or her liberty in violation of the constitution, or of any treaty or law of the United States; * * *."