WINHOVEN v. SWOPE.

No. 12933.

United States Court of Appeals
Ninth Circuit.

Feb. 28, 1952.

Victor E. Cappa, San Francisco, Cal., for appellant.

Chauncey Tramutolo, U. S. Atty., Joseph Karesh, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from an order dismissing Winhoven's application for a writ of habeas corpus. The application alleged that in his trial on an indictment charging a violation of Section 320 of 18 U.S.C.[1] in the robbery of one H. C. McCloy, a postal clerk, he had been denied the effective assistance of counsel, in violation of the Sixth Amendment of the Constitution. The district court

issued an order to show cause and heard and decided the application on the merits of this contention, holding that Winhoven had not been denied such assistance of counsel.

Winhoven seeks our consideration of the appeal on the merits of the contention that he did not have the effective assistance of counsel.[2] This we cannot do because it appears that the district court was without jurisdiction to entertain the application for the writ.

Section 2255 of 28 U.S.C. provides in its last sentence that if a federal prisoner moves under that section to vacate the sentence under which he is held, in which motion he may have effective and adequate relief, and is denied that relief, he cannot thereafter apply for a writ of habeas corpus. "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." We have so held in Jones v. Squier, 9 Cir., 195 F.2d 179; See United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263.

Winhoven states that he sought the identical relief in his Section 2255 motion that he seeks in his application for the writ. It therefore cannot be said his "remedy by motion is inadequate or ineffective to test the legality of his detention."

---

1. 1948 Revision 18 U.S.C. § 2114.

2. In effect his contention here is that he was tried with a co-defendant, one Sivyer, and that a single attorney represented both defendants; that an alleged written confession of Sivyer's was put in evidence, which also inculpated Winhoven; that Sivyer denied the testimony that he had made this confession. Winhoven then moved to be freed of representation by the attorney and thereafter conduct his own defense and make his own argument to the jury. This he did because the attorney would be unable to argue on Winhoven's behalf to the jury

that if they were inclined to believe that Sivyer made the written confession inculpating Winhoven, Sivyer in making it was a monumental liar, as they could plainly see from his demeanor on the stand and his futile contradictions of the witness who claimed he made it. The contention is that this brings the case within United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. ——, ——, a case involving the question of efficient representation by counsel decided after the trial below, and within Wright v. Johnston, D.C., 77 F.Supp. 687.

The able attorney for the pauper Winhoven urges that we should consider the application for the writ as a second motion under § 2255. As seen the first motion proceeding, as a proceeding, afforded an adequate and effective remedy for the relief there sought on the same issues as in the instant habeas corpus proceeding. Winhoven's contention is that though the motion proceeding is adequate, if properly conducted, it may be treated as "inadequate" if the court makes substantial errors in its administration.

On the hearing of the appeal, the parties stipulated that the record on Winhoven's motion under § 2255 could be judicially noticed by us. That record shows that the court failed to act (a) on his motion to be present at the hearing of his motion; and (b) on his application for a writ of habeas corpus requiring him to be present; and (c) on his motion for the issuance of subpoenae to witnesses whose names and addresses were stated. It also appears that he did not appear in the proceeding at any time after filing his motion.

However, it does appear that upon the decision of the motion, the clerk of the district court mailed to Winhoven a notice of the decision. It also appears that Winhoven did not appeal though § 2255 expressly provides that: "An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus."

All these claimed errors could have been raised by appeal as similar contentions were considered and decided in the appeal in the Hayman case. That is to say, § 2255 afforded Winhoven an adequate and efficient remedy both as to the issues tendered in the motion and as to any error committed in litigating the motion. The decision on the first motion is not void and subject to collateral attack in such a second motion.

We think the application treated as a second motion is not one the district court is entitled to consider, § 2255 providing: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

Nothing we here say should be construed as holding that Winhoven may not seek in the first motion proceeding to have its decision set aside under the provisions of Rule 60 (b) of the Federal Rules of Civil Procedure, 28 U.S.C., or on the contention that Winhoven was not granted procedural due process in violation of the Fifth Amendment. Cf. Powell v. Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 77 L.Ed. 158. What his rights now are with respect to the first motion proceeding we do not consider.

The order of dismissal appealed from is affirmed on the ground that the district court had no jurisdiction to entertain the application for habeas corpus, and that if the application be deemed a second motion in the district court under § 2255, it should not be entertained.