## ROBINSON v. SWOPE.

No. 12888.

United States Court of Appeals
Ninth Circuit.

June 24, 1952.

Thomas Henry Robinson, Jr., in pro. per.

Chauncey Tramutolo, U. S. Atty., Joseph Karesh, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and HEALY and POPE, Circuit Judges.

DENMAN, Chief Judge.

Robinson appeals from a denial by the district court of his application for a writ of habeas corpus. The ground of the denial is that Robinson has failed to apply for relief under 28 U.S.C. § 2255 by motion to the court which sentenced him, it further appearing that the remedy by that motion is neither inadequate nor ineffective to test the legality of his detention.

Robinson contends that he is entitled to have his habeas corpus application entertained because § 2255 provides a remedy only where the facts showing an unlawful detention are dehors the record while here some of the grounds of his application concern the conduct of the court in the course of the trial. The first sentence of the motion statute shows the contrary. It provides that its relief may be sought where "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack".

Whether a sentence is in excess of the maximum authorized by law is solely a matter within the record of the condemning court. The succeeding phrase "or is otherwise subject to collateral attack" includes other grounds within that court's record.

Robinson relies on the following statements of the Habeas Corpus Committee of the Judicial Conference of the United States in recommending its proposed form of relief by motion:

"It was the opinion of the Committee that the procedure in ordinary habeas corpus proceedings, such as cases arising in connection with removal, with deportation under the immigration laws *or with imprisonment under process or judgment void on the face of the proceedings, was simple and well settled; and that no action, legislative or otherwise, was required with respect thereto.* * * *

"The present procedure in habeas corpus was adequate *so long as the court hearing the application was held bound by the record* made on the trial of a prisoner theretofore convicted in a state or federal court." Report of the Habeas Corpus Committee, submitted at the 1943 Session of the Judicial Conference.

In view of the fact that the proposal of the Committee contained the above provisions of the motion procedure covering matters within the record, these remarks must be construed to mean no more than that the habeas corpus procedure had up to that time properly taken care of the cases mentioned and not to mean that such cases were thereafter to be considered solely in habeas corpus.

However, regardless of the statements of the Committee, Congress in § 2255 enacted the last paragraph in a form different from that in the Committee's proposal. This paragraph denies habeas corpus unless the motion has been made and if made, *if it has been denied,* unless the motion is inadequate or ineffective. That is to say, in nearly all cases § 2255 is a substitute for the existing habeas corpus procedure. We have so held in Jones v. Squier, 9 Cir., 195 F.2d 179, and in Winhoven v. Swope, 9 Cir., 195 F.2d 181. All the contentions urged by Robinson can be adequately and effectively entertained under section 2255.

Robinson contends that § 2255 is unconstitutional. We have held the contrary in Jones v. Squier, supra.

The order denying the application for the writ is affirmed.