### UNITED STATES v. WINHOVEN.
#### No. 26543.

United States District Court,
N. D. California, Southern Division.
March 7, 1953.

Joseph Karesh, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

GOODMAN, District Judge.

On May 7, 1952, this court denied defendant's motion, Rule 60(b), Fed.Rules Civ.Proc. 28 U.S.C.A., to set aside the court's order of June 21, 1949, denying his motion to vacate the judgment against him. 28 U.S.C. § 2255. The defendant appealed to the Court of Appeals. The judgment of this court was reversed, Winhoven v. U. S., 9 Cir., 201 F.2d 174, 175, decided December 31, 1952.

The mandate, which I have before me, states: "The judgment is reversed and the district court ordered to proceed and consider Winhoven's motion to vacate, the government's opposition thereto, if any, and decide the motion on its merits." Having considered, in accordance with the mandate, Winhoven's motion to vacate, the government's opposition thereto, on the merits, I am now prepared to decide the motion.

Before doing so, however, it is necessary, and indeed proper, to consider and set forth the history of this litigation. For, in my opinion, this is a striking example of the abusive type of procedure referred to by Justice Jackson in his concurring opinion in Brown v. Allen, 344 U.S. 443, 532, 73 S.Ct. 397, decided February 9, 1953.

On January 27, 1939, Winhoven and one Sivyet robbed a United States Post Office, using fire arms and a knife in aid of the robbery. The Grand Jury for this district indicted them on February 8, 1939.

Winhoven was convicted in this court on September 4, 1942. Judge St. Sure sentenced him to serve twenty-five years in a federal penitentiary, on September 4, 1942. There was no appeal from the judgment of conviction.

Over six years later, on January 20, 1949, Winhoven filed in this court a motion, pursuant to 28 U.S.C. § 2255, to vacate the judgment and sentence of September 4, 1942. Opposition to the motion was filed by the United States Attorney. Judge Roche, having considered the motion, affidavits and the transcript and record in the criminal case, denied Winhoven's motion to vacate the judgment. No appeal was ever taken from this order.

On October 30, 1950, Winhoven filed a petition for a writ of habeas corpus in this court, naming Swope, Warden of Alcatraz, as respondent. The grounds of the petition were substantially the same as those urged in the motion to vacate, viz., the question of adequacy of assistance of counsel at the trial. Judge Roche issued the writ and thereafter conducted a hearing upon the allegations of the petition. At the hearing, Winhoven was personally present and testified, as well as did other witnesses. The entire issue of "assistance of counsel," which was the basis both of the motion to vacate the judgment and petition for habeas corpus, was thoroughly presented. Thereafter, Judge Roche, found that the claims set forth in the petition for habeas corpus were not sustained by the evidence and that the evidence clearly showed no basis for the claims of the petition. Thereupon, upon written findings, he entered judgment discharging the writ, dismissing the petition for the writ of habeas corpus and remanding Winhoven to the custody of Warden Swope.

In proper time, Winhoven appealed from the final judgment of Judge Roche in the habeas corpus proceeding. Upon the appeal, the Court of Appeals, on February 28, 1952, Winhoven v. Swope, 9 Cir., 195 F.2d 181, 183, affirmed Judge Roche's order and judgment, *not on the merits*, but on the ground "that the district court had no jurisdiction to entertain the application for habeas corpus, and that if the application (i.e. for habeas corpus) be deemed a second motion in the district court under § 2255, it should not be entertained." In the Appellate Court's opinion, Chief Judge Denman stated that the Court was not precluding Winhoven from proceeding under Rule 60(b) of the Federal Rules of Civil Procedure to attempt to set aside Judge Roche's order of June 21, 1949 denying the motion to vacate the judgment. Needless to say, this "advice" was promptly followed by Winhoven, resulting in the motion under Rule 60(b), which I heard and denied.

The "merits," which the mandate of the Court of Appeals directs me to deter-

mine, is whether or not, as alleged in Winhoven's motion under 60(b), Judge Roche's order denying the motion to vacate was void because of his failure to order the presence of Winhoven and alleged witnesses at the hearing upon the motion. Since § 2255 specifically provides that "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing", it is obvious that a determination of the motion in such a manner would have presumptive validity.

Any failure or refusal of Judge Roche to order the appearance of Winhoven at the hearing of the motion to vacate, at the most, would be error. U. S. v. Hayman, 342 U.S. 205, at page 223, 72 S.Ct. 263, 96 L.Ed. 232. As such, if it were error, relief would be by appeal, which was not taken. Such error, if it existed, could not be collaterally attacked, as by motion under Rule 60(b). No more so than a refusal to issue a writ of habeas corpus for the appearance of a petitioner in a habeas corpus proceeding could be collaterally attacked by motion to vacate or under Rule 60B. Appeal is the proper remedy, as abundantly demonstrated by the huge volume of appellate decisions reviewing lower court rulings in habeas corpus cases.

It should not be overlooked that the sentencing court, the court hearing the motion to vacate and the court hearing the habeas corpus proceeding was the same District Court. The factual issue of "adequacy of counsel" was fully heard by Judge Roche in the habeas corpus proceeding, which he dismissed, a proceeding which the Court of Appeals said he should *not* have heard. Winhoven v. Swope, 195 F.2d at page 182. It is the same issue tendered in the proceeding to vacate judgment.

Since the same District Court heard all the proceedings, it could have treated the habeas corpus proceeding as a proceeding under § 2255, if there was any infirmity in the previous § 2255 proceeding. For, while under § 2255, the Court is not *required* to hear a *second* § 2255 motion, nothing in my opinion would *prevent* it from so doing, if a previous proceeding was void, or for some other good reason. Whether the proceeding was habeas corpus or § 2255, the issue was the same, and the court was the same. Any distinction is one of nomenclature and not of any substance.

The upshot of all this is that this cause is back here again, because the Court of Appeals said [1] that a hearing on the merits given the defendant should *not* have been given him.

Legal procedures in this case have reached the point of absurdity.

Ordered: The motion of Winhoven to vacate the court's order of June 21, 1949, is denied on the merits.

---

1. In the "habeas corpus" appeal.