**Harmon Metz WALEY, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 14872.

United States Court of Appeals
Ninth Circuit.

May 22, 1956.

DENMAN, Chief Judge.

This is an appeal from the denial of a motion to vacate sentence made under the provisions of 28 U.S.C. § 2255. Waley, who entered a plea of guilty to violating the federal kidnaping statute in 1935,[1] contends that his plea was entered without an understanding of the charge and that he was entitled to a trial by jury.

Waley first argues that the attorney who, the record indicates, was assigned by the trial court to counsel him at the time of his plea of guilty was in fact assigned only to counsel his wife, a co-defendant. He raises the contention that the record is inaccurate for the first time on appeal. No such argument was made in his motion to vacate sentence addressed to the District Court. Consequently, it is unnecessary to consider whether Waley may attack the accuracy of the transcript[2] since this Court cannot hold the District Court in error as to a contention never presented to it.

It is next argued that Waley did not waive his right to a jury trial by his plea of guilty since he did not know that he had such a right and he was unaware of the consequences of such a plea. The record indicates otherwise, and that he did understand the nature of the indictment. It was read in his presence. When he asked a question about the meaning of the indictment the Trial Court appointed counsel selected by Waley and his wife and put the taking of pleas over a day. The Trial Court set aside his wife's plea of guilty because there was some question as to whether she understood the charge. Waley had nothing to say in so far as his own case was concerned after full opportunity to confer with a lawyer. He was not a stranger to the criminal courts, having been convicted previously of burglary and car theft. Moreover, he conceded he was responsible for the kidnaping in an effort to obtain mercy for his wife.

Harmon Metz Waley, in pro. per.

Charles P. Moriarty, U. S. Atty., Seattle, Wash., Guy A. B. Dovell, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and POPE, Circuit Judges.

1. 18 U.S.C. § 1201 [formerly 18 U.S.C. §§ 408a–408c].

2. See Barrett v. Hunter, 10 Cir., 1950, 180 F.2d 510, 518, 20 A.L.R.2d 965 (dissenting opinion).

The District Court did not err in failing to grant Waley a hearing on this contention.[3]

■ Waley asserts that a trial by jury was required by the statute under which he was convicted. 18 U.S.C. § 408a [now 18 U.S.C. § 1201] provided:

"Whoever shall knowingly transport * * * in interstate * * * commerce, any person who shall have been * * * kidnaped * * and held for ransom or reward * * shall, upon conviction, be punished (1) by death if the verdict of the jury shall so recommend, provided that the sentence of death shall not be imposed by the court, if prior to its imposition, the kidnaped person has been liberated unharmed, or (2) if the death penalty shall not apply nor be imposed the convicted person shall be punished by imprisonment in the penitentiary for such term of years as the court in its discretion shall determine * * *."

He contends that in all cases regardless of a plea of guilty Congress intended the case to be tried by jury in order that the jury could perform its function of considering whether or not to recommend the death penalty. While it may be that a District Court could not impose the death penalty in a case where the defendant pleaded guilty, there is no merit to Waley's argument that Congress intended the wasted effort of a jury trial on the merits where a defendant acknowledged his guilt by his plea.

■ Waley finally asserts that a plea of guilty is a judicial confession, and that the corpus delicti of interstate transportation of a kidnaped person must be corroborated. This argument must be rejected since the reasons corroboration is required for out-of-court confession and admissions are not applicable to a plea of guilty at the trial which is voluntarily made with an understanding of the charge. As stated by Mr. Justice Reed in Opper v. United States, 1954, 348 U.

S. 84, at pages 89–90, 75 S.Ct. 158, at page 162, 99 L.Ed. 101:

"In the United States our concept of justice that finds no man guilty until proven has led our state and federal courts generally to refuse conviction on testimony concerning confessions of the accused *not made by him at the trial of his case.* * * In our country the doubt persists that the zeal of the agencies of prosecution to protect the peace, the self-interest of the accomplice, the maliciousness of an enemy or the aberation or weakness of the accused under the strain of suspicion may tinge or warp the facts of the confession." [Emphasis added.]

No such doubt persists as to a voluntary plea of guilty made with an understanding of the charge. The judgment is affirmed.

---

3. Cf. United States v. Davis, 7 Cir., 1954, 212 F.2d 264: United States v. Swaggerty, 7 Cir., 218 F.2d 875, certiorari denied, 1955, 349 U.S. 959, 75 S.Ct. 889, 99 L.Ed. 1282.