**Phillip DANIELS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16803.**

United States Court of Appeals
Ninth Circuit.
Sept. 28, 1960.

---

23. See, e. g., Section 19 of the Mobile License Ordinance, quoted in text supra.

Phillip Daniels, in pro. per.

Charles P. Moriarty, U. S. Atty., Seattle, Wash., David J. Dorsey, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before BONE, HAMLIN and KOELSCH, Circuit Judges.

PER CURIAM.

The appellant was convicted of murder in the first degree upon his plea of guilty and sentenced to life imprisonment by the District Court for the Territory (now State) of Alaska on December 3, 1952; no appeal was taken from this judgment. On November 20, 1959, while incarcerated at the United States Penitentiary, McNeil Island, Washington, the appellant filed a petition for a writ of habeas corpus attacking the above conviction and seeking immediate release in the United States District Court for the Western District of Washington, Southern Division. The court ordered the petition dismissed and petitioner has appealed.

Appellant's petition contains nothing which shows or tends to show that the remedy provided under 28 U.S.C.A. § 2255 is " * * * inadequate or ineffective to test the legality of his detention," as required by that section before a petition for writ of habeas corpus will be entertained. Appellant attempts to avoid the requirement that he assert his claim in the sentencing court by the bare allegation in his petition that he has twice sought such relief without success; but this does not by itself establish that the prescribed remedy is "inadequate or ineffective" within the meaning of the statute. Nor are any facts alleged in the petition which would support this contention. In absence of such a showing, the lower court was correct in dismissing the petition. Robinson v. Swope, 9 Cir., 1952, 197 F.2d 633.

Affirmed.