**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Bela BINDER, Defendant-Appellant.**

No. ——.

United States Court of Appeals
Sixth Circuit.
Jan. 31, 1963.

---

I. R. Starr, Detroit, Mich., for appellant.

Lawrence Gubow, U. S. Atty., Detroit, Mich., for appellee.

Before MILLER, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

Following trial by jury and verdicts of guilty under several counts of an indictment in the District Court for the Eastern District of Michigan, the defendant was sentenced on March 4, 1955, to imprisonment for a term of nine years. He served the statutory term of imprisonment and is now on statutory parole.

Following his release he filed a motion to set aside his convictions on the ground that he was mentally incompetent at the time of trial. The motion also alleged that he was gainfully employed but that by reason of the restriction on his right to travel he was in grave danger of losing his employment and that it would be highly difficult, or perhaps even impossible, to obtain other gainful employment which would enable him to support himself and his family. He asked that a temporary injunction issue to restrain the Parole Board from limiting his right to travel, as required by his employment.

On October 29, 1962, the District Judge heard arguments for and against the motion and entered an order denying injunctive relief and the motion, without a hearing on the question of mental competency. On November 21, 1962, a motion for rehearing was denied. On the same day he filed a notice of appeal in the District Court.

As of the present time the record has not been filed in this Court and the appeal has not been docketed. On January 14, 1963, defendant filed in this Court his present "Petition for Hearing on Preliminary Motion for Injunctive Relief" which states the foregoing facts about the proceedings in the District Court and asks for an early hearing on the preliminary motion for injunctive relief and the appointment of a judicial tribunal to hear the motion in the city of Detroit.

█ The Chief Judge of this Court has designated the present panel of the Court to give prompt consideration to the Preliminary Motion for Injunctive Relief, and the panel has done so. In view of the nature of the question presented, and accepting the allegations of the motion as true, the Court has found it unnecessary to meet in Detroit or to hear

oral argument of counsel for the respective parties.

This case will not be considered on its merits until the record is filed in this Court and the appeal docketed. Rule 73 (g) Rules of Civil Procedure; Rule 14 (5), Rules of Court of Appeals, Sixth Circuit. If the defendant has not obtained an extension of time for the filing of the record in this Court, he may be able to obtain an extension of time for filing and docketing for cause shown under the provisions of Rule 73(g), Rules of Civil Procedure. Otherwise, the appeal is subject to dismissal. Rule 14(5), Rules of Court of Appeals, Sixth Circuit, Rule 73(a), Rules of Civil Procedure.

█ █ Irrespective of the question of lack of jurisdiction over the Parole Board, which from the papers before us it is not shown to have been made a party to this proceeding the Motion for Injunctive Relief should not be granted. The judgment of conviction remains in full force and effect at the present time, irrespective of the motion to vacate and the pending appeal. Section 4203, Title 18 United States Code, provides, that a "parolee shall be allowed *in the discretion of the Board,* to return to his home, or to go elsewhere, *upon such terms and conditions,* * * * as the Board shall prescribe, * * *." (Emphasis added.) The Statute authorizes the Board to impose certain terms and conditions upon the parole of a prisoner. It is a matter within the discretion of the Board. "Court action is not made a part of it." Hiatt v. Compagna, 178 F.2d 42, 45, C.A. 5th. United States ex rel. Jacobs v. Barc, 141 F.2d 480, 482, C.A. 6th, cert. denied, 322 U.S. 751, 64 S.Ct. 1262, 88 L.Ed. 1581; Walton v. Hiatt, 50 F.Supp. 690, M.D.Pa.

The statute is applicable not only when a prisoner is released upon parole, but also when he is released upon the expiration of his maximum term less deductions for good conduct. Gould v. Green, 78 U.S.App.D.C. 363, 141 F.2d 533, 534; Clark v. Stevens, 291 F.2d 388, C.A. 6th.

█ Petitioner's request for relief from the terms and conditions which he claims impose an undue and inequitable hardship upon him should be addressed to the Board rather than to the Court.

Petitioner's Preliminary Motion for Injunctive Relief is denied.