**UNITED STATES of America**

v.

**Charles JACKSON, also known as "Batman", also known as "Butch", Glenn Walter Alexander De La Motte, and John Albert Walsh, Jr.**

**Crim. No. 11829.**

United States District Court
D. Connecticut.

Jan. 9, 1967.

Jon O. Newman, U. S. Atty., Hartford, Conn., Samuel J. Heyman, Asst. U. S. Atty., and Robert D. Glass, Asst. U. S. Atty., New Haven, Conn., for the United States.

Stephen I. Traub, of Lynch & Traub, New Haven, Conn., and Steven B. Duke, Yale Law School, New Haven, Conn., court-appointed counsel for defendant Jackson.

Ira B. Grudberg, of Jacobs, Jacobs, Jacobs & Jacobs, New Haven, Conn., for defendant Walsh.

Arnold M. Stein, of Stein & Einhorn, Denville, N. J., and Raymond A. Brown, Jersey City, N. J., for defendant De La Motte.

TIMBERS, Chief Judge.

### QUESTION PRESENTED

Defendants' motions to dismiss count one of the indictment, pursuant to Rule 12, Fed.R.Crim.P., made before entry of pleas, present what the Court believes to be a substantial question as to whether 18 U.S.C. § 1201(a), a part of the Federal Kidnaping Act, is unconstitutional to the extent that it impairs defendants' free exercise of their Sixth Amendment right to trial by jury.

The Court holds that the section of the statute here applicable to defendants who are about to be put to plea thereunder does violate their Sixth Amendment right. Accordingly, defendants' motions to dismiss count one of the indictment are granted, subject to the stay of proceedings hereinafter provided to permit the United States to appeal directly to the Supreme Court of the United States.

## INDICTMENT

The indictment, returned by a grand jury in the District of Connecticut on October 10, 1966, charges each of the three named defendants with two counts. Count one charges that on or about September 2, 1966 defendants transported from Milford, Connecticut, to Alpine, New Jersey, one John Joseph Grant, III, the kidnaped victim, who was harmed when liberated, in violation of 18 U.S.C. § 1201(a). Count two charges that on or about September 2, 1966 defendants transported a stolen motor vehicle from Milford, Connecticut, to New York City, in violation of 18 U.S.C. § 2312.[1]

## STATUTE

Count one of the indictment is founded upon 18 U.S.C. § 1201(a), which provides in pertinent part as follows:

"Whoever knowingly transports in interstate * * * commerce, any person who has been unlawfully seized, * * * kidnaped, * * * or carried away and held for ransom or reward or otherwise, * * * *shall be punished (1) by death if the kidnaped person has not been liberated unharmed, and if the verdict of the jury shall so recommend,* or (2) by imprisonment for any term of years or for life, if the death penalty is not imposed." (Emphasis added)

This statute creates an offense which calls for capital punishment upon recommendation of the jury, if proof of harm is introduced at the trial.[2] That the government intends to prove harm in the instant case is clearly indicated by the language of count one,[3] which charges that the kidnaped victim "was harmed when liberated". Imposition of the death penalty turns upon the jury's recommendation. Under the terms of the statute, the death penalty may be imposed *only* if the jury so recommends. On the other hand, a recommendation by the jury makes the death penalty *mandatory*.

If defendants claim their fundamental Sixth Amendment right to trial by jury, therefore, they must risk their lives. That risk is at least substantially reduced if defendants waive their constitutional right to jury trial by claiming trial to the court [4] or by pleading guilty. In the event of a guilty plea, it has been suggested that imposition of the death penalty may be barred.[5] The existence of discretionary power in the trial court, on the other hand, to submit the issue of punishment to a jury for its recommendation has been recognized in one Circuit.[6] But even if the trial court

1. Although counsel for defendants Jackson and Walsh have filed motions "to dismiss the indictment", in neither their motions, briefs nor oral arguments have they challenged count two in any respect. Counsel for defendant De La Motte, although not having filed any motion or brief, at the hearing on the motions by the other defendants, generally adopted the arguments made by counsel for the other defendants.

2. See Smith v. United States, 360 U.S. 1, 8–9 (1959).

3. COUNT ONE
"On or about September 2, 1966, CHARLES JACKSON, also known as 'Batman', also known as 'Butch'; GLENN WALTER ALEXANDER DE LA MOTTE; and JOHN ALBERT WALSH, JR., the defendants herein, did knowingly transport in interstate commerce from Milford in the District of Connecticut to Alpine, New Jersey, one John Joseph Grant, III, a person who had theretofore been unlawfully seized, kidnapped, carried away and held by the defendants herein, for ransom and reward and for the purpose of aiding the said defendants to escape arrest, and the said John Joseph Grant, III, was harmed when liberated, in violation of Title 18, United States Code, Section 1201(a)."

4. The Court need not determine, for purposes of the instant motions, whether defendants effectively may waive jury trial absent consent of the government and approval of the court. Rule 23(a), Fed.R.Crim.P. Cf. Singer v. United States, 380 U.S. 24, 34–38 (1965).

5. Waley v. United States, 233 F.2d 804, 806 (9 Cir. 1956), cert. denied, 352 U.S. 896 (1956).

6. Seadlund v. United States, 97 F.2d 742, 748 (7 Cir. 1938).

has the power to submit the issue of punishment to a jury, that power is discretionary, its exercise uncertain. If defendants waive jury trial or plead guilty, therefore, they may thus gain immunity from capital punishment; if they assert their constitutional right to jury trial, however, the price for assertion of such constitutional right is the risk of death.

The Supreme Court of the United States recently reversed a state conviction of a capital offense because comment on the failure of the accused to testify had penalized and made costly the assertion of the Fifth Amendment right to silence.[7] Assertion of the equally fundamental right to trial by jury is made no less costly for these defendants by the very terms of the statute which defines the offense with which they are charged.

This Court therefore holds that 18 U.S.C. § 1201(a), to the extent that it impairs defendants' free exercise of their right to trial by jury, violates the Sixth Amendment to the Constitution of the United States and is invalid.

### ORDER AND JUDGMENT

The Court having heard argument by counsel for the respective parties on defendants' motions to dismiss the indictment, having received and considered their briefs, the indictment and all other papers on file, and being of the opinion for the reasons set forth above that count one should be dismissed; it is therefore

ORDERED AND ADJUDGED as follows:

(1) Defendants' motions to dismiss count one of the indictment are granted and the said count is dismissed as against each defendant named therein.

(2) Defendants' motions to dismiss count two of the indictment are denied.

(3) The effectiveness of this order and judgment and all other proceedings in this case, including proceedings against defendants under count two, are stayed for a period of thirty (30) days to permit the United States, if it is so advised, to appeal directly to the Supreme Court of the United States from this order and judgment pursuant to 18 U.S.C. § 3731.

(4) Orders of this Court now in effect with respect to bail and custody of defendants shall continue during the period of the stay provided for in paragraph (3) above.

(5) Jurisdiction of this Court is retained to extend, dissolve or modify the stay provided for in paragraph (3) above, subject to any superceding proceedings or orders of the Supreme Court.

---

7. Griffin v. California, 380 U.S. 609, 614 (1965).