Thomas Henry **ROBINSON**, Jr., Petitioner,

v.

**UNITED STATES** of America, **Respondent.**

Civ. A. No. 5534.

United States District Court
W. D. Kentucky,
at Louisville.

Feb. 23, 1967.

148

Thomas Henry Robinson, Jr., pro se.

Ernest W. Rivers, U. S. Atty., Edwin R. Render, Asst. U. S. Atty., Louisville, Ky., for respondent.

### MEMORANDUM OPINION AND ORDER

JAMES F. GORDON, District Judge.

Petitioner, a federal prisoner, has filed with this Court a motion, pursuant to Title 28 U.S.C. § 2255, to vacate a judgment of conviction and sentence, together with a motion for leave to proceed in forma pauperis, and a motion for the appointment of counsel, hearing, etc.

The record discloses that, on October 20, 1934, the petitioner was indicted by the Grand Jury of this Court on two counts of the offenses of kidnaping and conspiracy to kidnap under Sections 1201 (a) and 1201(c) of Title 18 U.S.C. (Sections 408a and 408c of Title 18 U.S.C. at the time the indictment was returned). Petitioner was apprehended on May 11, 1936 and upon his arraignment on May 13, 1936, he entered a plea of guilty on the one count of kidnaping [1] and received a sentence of life imprisonment imposed by the Court. Incarceration at Alcatraz followed.

Subsequently, on August 9, 1943, the judgment and sentence of May 13, 1936 was pronounced void by Judge Michael J. Roche in his opinion growing out of a habeas corpus proceeding in the United States District Court, Northern District of California, Southern Division. Robinson v. Johnston (D.C., 1943), 50 F.Supp. 774.[2]

Following the ruling of the California District Court, petitioner was returned by the authorities to the United States District Court, Western District of Kentucky, wherein he entered a plea of not guilty to the kidnaping count of the original indictment of October 20, 1934, and was retried in this Court in late 1943, the jury returning a verdict of guilty and recommending that the prisoner be sentenced to death, which sentence the Court imposed.

Petitioner Robinson then perfected timely appeal to the Court of Appeals and the judgment was there affirmed. Robinson v. United States (C.A.6), (1944), 144 F.2d 392.[3] Petition was then made by Robinson to the United States Supreme Court for a writ of certiorari which was granted and, subsequently, that Court affirmed the conviction. See Robinson v. United States (1945), 324 U.S. 282, 65 S.Ct. 666, 89 L.Ed. 944.

1. The indictment count charging violation of 18 U.S.C. § 408c (conspiracy to kidnap) having been dismissed.

2. For background litigation involving this petitioner which culminated in Judge Roche's opinion, see Robinson v. Johnston, (C.A.9), (1941), 118 F.2d 998; United States ex rel. Robinson v. Johnston (1941), 316 U.S. 649, 62 S.Ct. 1301, 86 L.Ed. 1732; and Robinson v. Johnston (C.A.9), (1942), 130 F.2d 202.

3. This opinion may be read to obtain the high points of the facts of record dealing with the commission of the offense, said factual background being too lengthy to set forth here.

On June 6, 1945, President Truman commuted the sentence of death to life imprisonment.

Thereafter, during prisoner's incarceration, he has unsuccessfully, but nevertheless steadfastly, continued litigious proceedings to escape his penalty; such as, Robinson v. Swope, 96 F.Supp. 98 (D.C., 1951); Robinson v. Swope (C.A. 9), 197 F.2d 633 (1952); Robinson v. Swope, cert. denied, 344 U.S. 867, 73 S. Ct. 109, 97 L.Ed. 673 (1952). In these last abovementioned efforts, petitioner sought habeas corpus relief alleging 28 U.S.C. § 2255 to be ineffectual and unconstitutional.

Finally, on September 28, 1953, petitioner filed in this Court a motion under Title 28 U.S.C. § 2255. At the hearing, defendant and his counsel stated that no testimony was to be introduced and he was returned to the United States Penitentiary at Atlanta, Georgia. In a lengthy and thorough opinion by my distinguished and learned colleague, Judge Roy M. Shelbourne, the motion was denied. United States v. Robinson (D.C., 1956), 143 F.Supp. 286, 287. Petitioner again applied to the Supreme Court for relief. Cert. denied, 356 U.S. 970, 78 S. Ct. 1140, 2 L.Ed.2d 1146 (1957).

Petitioner Robinson's incarceration has been interrupted twice by escapes. While a fugitive in 1965, he was apprehended, convicted and sentenced to 14 years for attempted bank robbery in Nashville, Tennessee, and subsequently, for the escape, was sentenced in the United States District Court in Atlanta, Georgia to an additional term of 5 years, these latter two sentences each being designated to run concurrently with the life sentence.

So much for the judicial background.

As to the instant motion, the petitioner sets forth what we classify as three categories of alleged grounds for relief. The first category, hereinafter designated by us as "A", constitutes a reiteration of the many grounds set forth by petitioner for relief in the § 2255 motion of 1956, before Judge Shelbourne, now desired to be re-examined by us in the light of subsequent judicial pronouncements; secondly, that category designated by us as "B", alleged by petitioner to be asserted for the first time in this motion; and thirdly, that category designated by us as "C", raised by the petitioner in pleadings supplemental to the instant proceeding.

In view of the fact that the alleged grounds for relief in category "A" were heretofore the subject of a hearing at which petitioner had counsel and offered no proof; and that the grounds alleged by the petitioner in categories "B" and "C" raise only legal issues presenting no factual issues for determination, a hearing is not necessary. This Court sees no need for the appointment of counsel as the petitioner is one trained in the law, his pleadings clearly express his contentions and are well punctuated by citations. Accordingly, upon the entire record, we shall proceed with disposition of this motion to vacate.

### CATEGORY "A"

#### *The 1953 Motion 2255*

Trial courts are not required to entertain second or successive motions to vacate upon the same or identical grounds. Dunn v. United States (C.A.6), 234 F.2d 219, cert. denied 352 U.S. 899, 77 S.Ct. 140, 1 L.Ed.2d 90; Malone v. United States (C.A.6), 299 F.2d 254, cert. denied 371 U.S. 863, 83 S.Ct. 122, 9 L.Ed. 2d 100; Williams v. United States (C.A. 5), 309 F.2d 890, cert. denied 373 U.S. 940, 83 S.Ct. 1545, 10 L.Ed.2d 694. We do however, to the "ends of justice", consider these matters again.

This Court has examined Judge Shelbourne's opinion, appearing in 143 F. Supp. 286, 287, and finds no fault with his disposition of the grounds set forth in the § 2255 motion of 1953, nor does the Court consider that any changes in the law have occurred subsequent to his opinion, which affect the present soundness of his rulings on the matters there in issue.

### CATEGORY "B"

#### *Three New Grounds*

These allegations petitioner claims to be asserted here *"for the first time"*, al-

though it appears that they have been, to some degree at least,[4] heretofore dealt with either on the direct appeal to the Sixth Circuit in 1944, and to the Supreme Court, or in the § 2255 proceeding of 1953. We will, however, in the interest of justice, treat them as new assertions.

I. Petitioner claims that his second trial and conviction, and the resultant jury verdict of death, after successful reversal of his first conviction on plea of guilty, punishment then having been fixed at a life sentence, placed him in double jeopardy. He legally rests this assertion upon the ground that such occurrences bring him within the scope of Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). May it be made clear that initially the issue of double jeopardy was raised by the petitioner on direct appeal to the Sixth Circuit in 1944, at which time it was refused, the Court there declaring in 144 F.2d 392, at page 397:

> "Appellant complains that he has been placed in double jeopardy, in contravention of the Fifth Amendment. This contention cannot be sustained for two reasons: (1) Because, as hereinabove indicated, it has been judicially determined that the original judgment and sentence by the Kentucky District Court were not a judgment and sentence at all; and (2) because the original judgment and sentence having been declared void at his insistence, appellant may not later introduce it as a hindrance to the further administration of justice."

Further, on direct appeal, the Supreme Court had opportunity in its granting certiorari to have corrected this holding if it considered such in error.

■■■ However, petitioner now claims that the Supreme Court holding in Green, supra, casts a different light upon the law of double jeopardy and that his situation falls within the scope thereof, as the penalty [death later commuted to life] upon the second trial exceeded the penalty of the first conviction, i. e., life sentence.

We cannot accept this view, for petitioner's complaint of double jeopardy thus is one directed at the *penalty* imposed for the offense and not *at the offense* itself. 18 U.S.C., Section 1201(a), creates *a single offense* of transporting a kidnaped victim across state lines which may or may not be punished by death. Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041. This singleness of offense alone distinguishes the petitioner's present claim from situations embraced within Green v. United States, 355 U.S. 184, 78 S.Ct. 221. The Supreme Court, in Green, supra, was dealing with *different offenses*, not *different penalties* growing out of the same offense. Likewise, in Green, supra, there had been a silence of the jury as to one offense, interpreted by the Court to be an acquittal. In the instant matter, the petitioner was never acquitted of the offense of kidnaping. He, in fact, originally pled guilty. The prohibition of double jeopardy in the Constitution is not against being twice punished for the same offense, but against being twice placed in jeopardy for the same offense. United States v. Ball, 163 U.S. 662, 669, 16 S.Ct. 1192, 41 L.Ed. 300. The Fifth Amendment's provision preventing a person from being subject to double jeopardy is one that does not preclude the government's retrying a defendant, whose conviction is set aside at his own insistence because of error in the proceedings, for the *same* offense. Such is a well established part of our constitutional jurisprudence. See Green v. United States itself, supra, 355 U.S. at page 189, 78 S.Ct. 221, and United States v. Tateo, 377 U.S. 463, and cases cited therein, page 465, 84 S.Ct. 1587, 12 L.Ed. 2d 448. This Court is unable to perceive, therefore, how an increase of punishment on his second conviction in any way violated any constitutional right against double jeopardy.

■■ II. Petitioner's second ground for relief, under category "B", is that he was denied credit toward parole for the time served [nine years] under the first voided conviction and sentence. The com-

---

4. Plea of double jeopardy.

putation of time that a federal prisoner has served, in determining his eligibility for parole, is a matter within the discretion of the parole board. Walker v. Taylor, 10 Cir., 338 F.2d 945; Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225. The power to grant parole is vested by the Congress exclusively in the paroling authority to be exercised as it may, in its wisdom, see fit and habeas corpus will not lie. Walton v. Hiatt, D.C., 50 F.Supp. 690; Goldsmith v. Aderholt, 5 Cir., 44 F. 2d 166; and United States v. Binder, 6 Cir., 313 F.2d 243.

■ III. Petitioner's third ground for relief in category "B" is that he "believes and contends that he has been, and is being continuously subjected to cruel and unusual punishment". This claim seems to rest upon petitioner's feeling that such becomes a factual and legal issue because he has possibly been longer imprisoned than any other person in our federal penitentiaries. Of course, such in and of itself is not a constitutional ground for the vacation of a judgment. As long as there are prisoners in the federal penitentiaries, there will always be one who has served longer than anyone else. This allegation, in this Court's opinion, is a bare conclusion and, as such, is insufficient to invite judicial inquiry. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148; Wilkins v. United States, 103 U.S.App.D.C. 322, 258 F.2d 416; Bistram v. United States, D.C., 180 F.Supp. 501.

### CATEGORY "C"

#### Constitutionality of Statute

Subsequent to the filing of the instant motion, petitioner has continued to correspond with the Court. This correspondence,[5] which has been treated by this Court as an addendum to the original petition, sets out an additional ground for relief. This ground revolves around the constitutionality of the statute under which petitioner was convicted. As a basis for this contention, petitioner relies on a recent opinion of Judge William H.

Timbers of the United States District Court for the District of Connecticut in the case of United States of America v. Jackson, decided January 9, 1967, 262 F.Supp. 716, wherein a part of the Federal Kidnaping Act, 18 U.S.C., Section 1201(a), was struck down as being unconstitutional. Judge Timbers reasoned that the statute violated one's Constitutional rights under the Sixth Amendment, in that a death penalty may be imposed *only* if the jury so recommends and such recommendation makes the death penalty mandatory.

"If defendants claim their fundamental Sixth Amendment right to trial by jury, therefore, they must risk their lives. That risk is at least substantially reduced if defendants waive their constitutional right to jury trial by claiming trial to the court or by pleading guilty."

Opinion of Judge Timbers, page 717, supra.

This Court respectfully disagrees with this reasoning.

The statute in question, 18 U.S.C., Section 1201(a), provides in pertinent part as follows:

"Whoever knowingly transports in interstate * * * commerce, any person who has been unlawfully seized, * * * kidnaped, * * * or carried away and held for ransom or reward or otherwise, * * * shall be punished (1) by death if the kidnaped person has not been liberated unharmed, and if the verdict of the jury shall so recommend, or (2) by imprisonment for any term of years or for life, *if the death penalty is not imposed.*" (Emphasis added.)

■ This Court interprets the statute to mean that after a death penalty has been recommended by a jury, the Court, being the body that "imposes sentence", may in its discretion impose or not impose the death penalty. Moreover, the Court could, if it wished, refuse to give the death penalty instruction, reduce the

---

5. Letters of January 5, 1967; January 10, 1967; January 12, 1967; January 21, 1967; and January 28, 1967.

sentence under Rule 35, Federal Rules Criminal Procedure, or in the alternative, grant a new trial in the event the death penalty was recommended to it and the Court had reservations about its imposition.

This Court is bolstered in this interpretation of the statute by an examination of the record as a whole. Petitioner was indicted and convicted under Title 18, Section 408a, the forerunner of 18 U.S.C., § 1201(a). Section 408a provides in pertinent part:

"Whoever shall knowingly transport or cause to be transported * * * except * * * shall, upon conviction, be punished (1) by death if the verdict of the jury shall so recommend, provided that the sentence of death shall not be imposed by the court if, prior to its imposition, the kidnaped person has been liberated unharmed, or (2) if the death penalty shall not apply *nor be imposed* the convicted person shall be punished by imprisonment in the penitentiary for such term of years as the court in its discretion shall determine: Provided, that the failure to release * * * seven days * * *."

This section was construed by the late Judge Shackelford Miller * at the trial of Robinson in 1944, wherein he stated to the jury,

"Now, the particular statute which is involved in this case, the federal statute, changes that just a little and provides that although it is still the duty of the Court to fix the punishment in the event a verdict of guilty is returned, but the jury may, if they think it is advisable in their judgment and discretion, recommend the death penalty. Such a recommendation is not binding upon the Court but it can be made by the jury and the Court can accept it if it feels that such recommendation, if made, should be accepted." (See transcript, page 267, Vol. 1, United States v. Robinson, Criminal Action No. 18,917.)

Indeed, petitioner's own attorney at his trial construed the statute in the same manner wherein he stated:

"In the usual case in this Court, if there is a verdict of guilty at the hands of a jury, the Court imposes the sentence, but in this case, as charged in this indictment, if certain facts or evidence should be produced, it will be within the prerogative of this jury to recommend to His Honor that the death penalty be imposed. Now the Court may follow your recommendation, or the Court has the right to disregard it." (Transcript, page 74, Vol. 1.)

This Court is impressed with the fact that the constitutionality of the statute has been raised no less than eight times in the federal appellate courts and it has been upheld each time.[6] True, the constitutional attacks have been of a different facet; they have nevertheless brought the statute under critical examination and met with no success.

█ Judge Hicks of the Circuit Court of Appeals, Sixth Circuit, stated in his opinion in Robinson v. United States, supra,

" * * * there is nothing in the Constitution which grants the accused the right to be informed of the punishment that may be inflicted upon him by law".

There can be no guarantee that one charged with violation of the Federal

---

* Appointed to Sixth Circuit Court of Appeals, December 21, 1945.

6. c. f. Robinson v. United States, 1945, 324 U.S. 282, 65 S.Ct. 666, rehearing denied 324 U.S. 889, 65 S.Ct. 910, 89 L. Ed. 1437, rehearing denied 325 U.S. 895, 65 S.Ct. 1401, 89 L.Ed. 2006, rehearing denied 326 U.S. 807, 66 S.Ct. 86, 90 L.Ed. 491; Livers v. United States, 185 F.2d 807; United States v. Dressler, 7 Cir., 112 F.2d 972; Waley v. Johnston, 9 Cir., 112 F.2d 749, cert. denied 311 U.S. 649, 61 S.Ct. 44, 85 L.Ed. 415, rehearing denied 311 U.S. 729, 61 S.Ct. 315, 85 L.Ed. 474; Bates v. Johnston, 9 Cir., 111 F.2d 966, cert. denied 311 U.S. 646, 61 S.Ct. 17, 85 L.Ed. 412; Seadlund v. United States, 7 Cir., 97 F.2d 742; Kelly v. United States, 10 Cir., 76 F.2d 847; Bailey v. United States, 10 Cir., 74 F.2d 451.

kidnaping statute be appraised of the possible consequences of his act. The right of a trial court to impanel a jury to recommend sentence on a plea of guilty in a kidnaping case has been upheld in at least one circuit, see Seadlund v. United States, 97 F.2d 742, and is, in this Court's opinion, a sound practice.

 Therefore, this Court is of the opinion that a jury may be impaneled to recommend a death sentence on either a plea of guilty or on a plea of not guilty, and furthermore, that such a recommendation is not binding on the Court.

This Court is unable to see any conflict between the kidnaping statute and the Sixth Amendment to the Constitution; there being a strong presumption in favor of the validity of statutes, this Court holds the statute under which petitioner was convicted to be valid. See 82 C.J.S. Statutes § 82, and cases cited therein.

Accordingly, in view of the foregoing, petitioner's motion to proceed in forma pauperis is sustained; his motion to vacate sentence is denied.