Thomas Henry **ROBINSON, Jr.,**
Petitioner-Appellant,

v.

**UNITED STATES of America,**
Respondent-Appellee.

No. 17886.

United States Court of Appeals
Sixth Circuit.

May 23, 1968.

David W. Matthews (Court Appointed), Cincinnati, Ohio, Taft, Stettinius & Hollister, Cincinnati, Ohio, for appellant.

John R. Wilson, Asst. U. S. Atty., Louisville, Ky., Ernest W. Rivers, U. S. Atty., Louisville, Ky., on brief, for appellee.

Before CELEBREZZE, PECK and McCREE, Circuit Judges.

PER CURIAM.

The United States District Court for the Western District of Kentucky denied Petitioner's motion under § 2255 to vacate his conviction and sentence for kidnaping, and the Petitioner has appealed. Petitioner-Appellant has been contesting his conviction almost continuously since he was first imprisoned for kidnaping in 1936. An indictment on the kidnaping charge was returned on October 20, 1934; but the Petitioner was not apprehended until May 11, 1936. On May 13, 1936, he entered a plea of guilty in the United States District Court for the Western District of Kentucky and was sentenced to life imprisonment. This judgment and sentence was voided in a habeas corpus proceeding in the United States District Court for the Northern District of California, Robinson v. Johnston, 50 F.Supp. 774 (N.D.Calif.1943),[1] and Petitioner was returned to Kentucky for another trial.

On retrial the Petitioner pleaded not guilty and was tried before a jury which returned a guilty verdict and, in accordance with the applicable kidnaping statute,[2] recommended the death penalty.

1. The District Court at first denied habeas corpus relief and was affirmed by the Circuit Court of Appeals. Robinson v. Johnston, 118 F.2d 998 (9th Cir. 1941). The United States Supreme Court vacated the judgment of the Court of Appeals and remanded the case for further proceedings. Robinson v. Johnston, 316 U.S. 649, 62 S.Ct. 1301, 86 L.Ed. 1732 (1942).

On remand the Ninth Circuit heard the case *en banc* and remanded to the District Court for a hearing and determination on the merits. Robinson v. Johnston, 130 F.2d 202 (9th Cir. 1942).

2. Petitioner was tried under the 1934 Federal Kidnaping Act, 48 Stat. 781.

The District Court entered judgment and sentence in accordance with the jury verdict and recommendation and was affirmed by this Court and the United States Supreme Court. Robinson v. United States, 144 F.2d 392 (6th Cir. 1944) aff'd 324 U.S. 282, 65 S.Ct. 311, 89 L.Ed. 629 (1945). On June 6, 1945 President Truman commuted the death sentence to life imprisonment.

Petitioner then attempted habeas corpus relief, Robinson v. Swope, 96 F.Supp 98 (N.D.Calif.1951) aff'd 197 F.2d 633 (9th Cir. 1952) cert. denied 344 U.S. 867, 73 S.Ct. 109, 97 L.Ed. 673 (1952), but found that he would first have to proceed under 28 U.S.C. § 2255. Petitioner's first motion under § 2255 was submitted on his motion and briefs, since he and his counsel stated at the hearing that no testimony was to be introduced. The denial of that motion, United States v. Robinson, 143 F.Supp. 286 (W.D.Ky.1956), was not appealed to this Court. Although most of the issues raised in the instant motion were considered and rejected either by the District Court in Petitioner's earlier motion or by this Court in his appeal from his conviction, the District Judge reconsidered and disposed of each of the issues. See Robinson v. United States, 264 F.Supp. 146 (W.D.Ky.1967).

■ On appeal we considered the only issue of any merit to be the question of the constitutionality of the Federal Kidnaping Act of 1934, 48 Stat. 781, under which the Petitioner was convicted. Since the 1934 Act is almost identical in wording to the Lindbergh Law, 18 U.S.C. § 1201(a), we delayed our opinion awaiting the United States Supreme Court's decision in United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968). Because that Court held the unconstitutional death penalty clause severable from the remainder of the statute, however, the decision offers no solace for the Petitioner. In *Jackson* the Court said:

> "By holding the death penalty clause of the Federal Kidnaping Act unenforceable, we leave the statute an operative whole, free of any constitutional objection. The appellees may be prosecuted for violating the Act, but they cannot be put to death under its authority." 390 U.S. at 591, 88 S.Ct. at 1221.

The reasoning and ruling of the *Jackson* decision control our interpretation of the 1934 Federal Kidnaping Act. Under that decision, only three categories of convicted kidnapers can contest their convictions: defendants who pleaded guilty, defendants who waived a jury trial, and defendants who demanded a jury trial and are now under a sentence of death. Petitioner does not come within any of these categories; he was given a jury trial and is not now under a death penalty.

Other issues raised by the Petitioner have been considered and found to be without merit.

Affirmed.